**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 19 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PATRICK C. LYNN,

      Plaintiff-Appellant,

v.

JESSICA KUNEN, Appellate
Defender of Kansas, and CARLA
STOVALL, Attorney General,

      Defendants-Appellees.

No. 97-3287
(D.C. No. 97-3294-GTV)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **PORFILIO** , **KELLY** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

\*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Patrick C. Lynn was convicted in a Kansas state court in November 1996 of a variety of charges including aggravated kidnaping and rape, and is currently incarcerated in a Kansas state prison. He brought this action seeking injunctive relief under 42 U.S.C. § 1983. The district court summarily dismissed the complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Although it is yet unclear whether we review a dismissal under § 1915(e)(2)(B)(ii) de novo, as we would a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), see Chemical Weapons Working Group, Inc. v. United States Dep't of the Army, 111 F.3d 1485, 1490 (10th Cir. 1997), or for an abuse of discretion, as we would a dismissal under § 1915(e)(2)(B)(i), the successor to § 1915(d), see Schlicher v. Thomas, 111 F.3d 777, 779 (10th Cir. 1997), we conclude plaintiff's arguments fail under either standard.

Defendant Kunen is a public defender appointed to represent plaintiff in his direct appeal of his state court convictions. Plaintiff contends that Kunen has and is providing ineffective assistance of counsel to him by refusing to meet with him or answer his correspondence or telephone calls, refusing to share trial transcripts with him, and refusing to investigate his claims of innocence. He alleges that Kunen has conspired with defendant Stovall, attorney general of Kansas, to deny him his right to effective assistance of counsel on appeal. As relief, he seeks appointment of new counsel to represent him on appeal.

The district court rejected plaintiff's claim of conspiracy on the basis that he offered nothing more than vague, conclusory allegations and failed to allege specific facts showing agreement and concerted action between defendants.     See Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989).  The court also found that as a state public defender involved in a criminal proceeding, Kunen did not act under color of state law and thus was not susceptible to a claim under § 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981).

On appeal, plaintiff contends that his complaint presented adequate factual allegations to support his claim of conspiracy and that Kunen can be liable under § 1983 for conspiracy.  He contends that the district court should have allowed him leave to amend his complaint, although he does not explain what additional information an amended complaint would provide or how it would cure the existing problems.  He also contends that the district court judge should have recused himself.  We have reviewed the record and considered plaintiff's arguments and find his arguments unpersuasive.  We therefore affirm the district court's dismissal of his complaint for substantially the same reasons as stated in the district court's July 25, 1997 order.  We also conclude that plaintiff has presented no indication of improper extrajudicial bias or prejudice that would warrant the district judge's recusal.

The judgment of the district court dismissing plaintiff's complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is AFFIRMED. **We conclude that this appeal is frivolous or fails to state a claim and counts as a prior occasion for purposes of § 1915(g).** The mandate shall issue forthwith.

Entered for the Court


Robert H. Henry
Circuit Judge