**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 27 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PATRICK C. LYNN,

                Petitioner-Appellant,

v.

MICHAEL NELSON; ATTORNEY
GENERAL OF KANSAS; THE
KANSAS COURT OF APPEALS,

                Respondents-Appellees.

No. 99-3208
(D.C. No. 99-CV-3153-DES)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **KELLY** , **HENRY** , and **MURPHY** , Circuit Judges.

        After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Patrick C. Lynn was convicted in a Kansas state court in November 1996 of aggravated kidnapping, aggravated burglary, aggravated sodomy, and rape, and was sentenced in January 1997 to more than eighty-eight years in prison. He perfected a direct appeal to the Kansas Court of Appeals. On April 30, 1999, with his direct appeal having not been yet adjudicated, he filed a petition for a writ of habeas corpus in the district court seeking leave from the requirement that he first exhaust his claims in state court due to the delay in adjudicating his direct appeal, asking the district court to provide a "surrogate" direct appeal, and challenging his convictions on the same grounds he wanted to raise on direct appeal. Following a response by the state, the district court determined that Lynn should not be excused from the exhaustion requirement, *see* 28 U.S.C. § 2254(b), and dismissed the petition without prejudice. Lynn filed a notice of appeal from that decision, and the matter is now before us on his request for a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

Lynn is essentially contending that the Kansas courts have inordinately and unjustifiably delayed the adjudication of his direct criminal appeal. *See Harris v. Champion*, 15 F.3d 1538, 1555 (10th Cir. 1994). Although the district court viewed his petition as seeking relief only from the requirement that he exhaust his claims, we regard his pro se petition and request for certificate of appealability as also arguing that his due process rights have been violated. Delay in adjudicating

a direct criminal appeal may give rise to both claims.      *See id.* at 1557.  A delay of more than two years gives rise to a rebuttable presumption of the "(i) ineffectiveness of state appellate procedures sufficient to excuse exhaustion on the petitioner's underlying claims of unconstitutional trial error, and (ii) prejudice necessary to support an independent constitutional claim of deprivation of an effective direct appeal because of delay."      *Harris v. Champion*, 48 F.3d 1127, 1132 (10th Cir. 1995).

The district court recognized that the rebuttable presumption of ineffective appellate process arose in this case.  By the time Lynn filed his habeas petition, his state appeal had been pending more than two years.  The court concluded, however, that the presumption was rebutted and the appellate process was not ineffective because Lynn's own actions caused the delay, and the delay was therefore not unjustified.  We agree with the district court's conclusion.

Following perfection of his direct appeal by trial counsel,[1] an appellate public defender was appointed to prosecute Lynn's direct appeal to the Kansas Court of Appeals.  In August 1997, the appellate public defender was allowed to withdraw because Lynn had filed an action against her under 42 U.S.C. § 1983 alleging ineffectiveness of counsel in handling his appeal and conspiracy with the

---

[1]    Due to his disagreements with his earlier counsel, this was the third counsel appointed to represent Lynn at trial.

state attorney general.[2] The trial court apparently had difficulty finding replacement counsel, but new counsel was appointed in December 1997. Second counsel was allowed to withdraw in June 1998 after Lynn threatened to sue him for malpractice. New counsel was again appointed, and although Lynn had moved for a new attorney in December 1998, this third counsel filed an opening brief on Lynn's behalf in January 1999. Third counsel also moved for a remand to the trial court for determination of Lynn's competency. Lynn subsequently moved again to dismiss the third counsel and to withdraw the opening brief. The appellate court denied his motion to withdraw counsel's brief, but permitted Lynn to file a supplemental pro se brief. In March 1999, the court allowed the third counsel to withdraw, but in April it denied Lynn's request to file a supplemental brief exceeding the fifty-page limit. Throughout this period, the court also addressed a variety of other motions filed by Lynn pro se.

Clearly, Lynn has been the primary cause of the delay in adjudicating his direct appeal. His conclusory allegation that the delay has been caused by an "increasing backlog" in the Kansas Court of Appeals is unpersuasive. He has

---

[2] This court affirmed the district court's dismissal of this complaint for failure to state a claim. *See Lynn v. Kunen*, No. 97-3287, 1998 WL 732804 (10th Cir. Oct. 19, 1998) (unpublished).

-4-

demonstrated neither that he should be excused from the exhaustion requirement nor that his due process rights have been violated. [3]

Lynn has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). His request for a certificate of appealability is DENIED, and the appeal is DISMISSED. The mandate shall issue forthwith. Petitioner's motion to expedite this matter, filed on March 22, 2000, is denied as moot.

Entered for the Court

Robert H. Henry
Circuit Judge

---

[3] The fact that, according to Lynn's "status reports," the Kansas appellate court has still not adjudicated his appeal as of January 3, 2000, does not change our conclusion.