**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 4 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PATRICK C. LYNN,

　　　　　Petitioner-Appellant,

v.

LARRY MCCLAIN; STATE
OF KANSAS, Carla Stovall,

　　　　　Respondents-Appellees.

No. 00-3158
(D.C. No. 00-CV-3132)
(D. Kan.)

PATRICK C. LYNN,

　　　　　Petitioner-Appellant,

v.

MICHAEL NELSON, Warden,
El Dorado Correctional Facility;
ATTORNEY GENERAL
OF KANSAS,

　　　　　Respondents-Appellees.

No. 00-3338
(D.C. No. 00-CV-3155-DES)
(D. Kan.)

PATRICK C. LYNN,

　　　　　Petitioner-Appellant,

v.

No. 01-3036
(D.C. No. 01-CV-3005-DES)
(D. Kan.)

WILLIAM A. CLEAVER, Johnson
County District Court Judge; and
THE STATE OF KANSAS,

Respondents-Appellees.

## ORDER AND JUDGMENT [*]

Before **SEYMOUR** , **BALDOCK** , and **LUCERO** , Circuit Judges.

After examining the appellate record, and the briefs filed in case numbers 00-3158 and 00-3338, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

## General Background

Petitioner Patrick C. Lynn was convicted in a Kansas state court in November 1996 of aggravated kidnaping, aggravated burglary, aggravated sodomy, and rape, and was sentenced to state prison in January 1997. Lynn has not completed the state court appeal process. In fact, the Kansas Court

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

-2-

of Appeals has remanded his case to the state district court for resentencing. Nevertheless, Lynn, acting pro se, has filed the three above-captioned habeas cases in federal court, as well as numerous and unsuccessful civil actions in federal and state courts. [1] The habeas cases are before this court on Lynn's applications for certificates of appealability (COA). As a matter of judicial efficiency, we have companioned the cases for purposes of disposition.

---

[1] See, e.g. , Lynn v. Valdez , No. 00-3397 (10th Cir. Jan. 25, 2001) (order granting plaintiff's motion to dismiss civil rights case); Lynn v. Nelson , No. 99-3208, 2000 WL 309293 (10th Cir. Mar. 27, 2000) (unpublished) (dismissal of habeas appeal contending that delay in resolving his direct appeal should excuse him from exhaustion requirement, even though his own actions caused the delay); Lynn v. McClain , Nos. 97-3370, 97-3371, 1998 WL 732806 (10th Cir. Oct. 19, 1998) (unpublished) (affirming dismissal of civil rights action contesting state district court filing requirements and restrictions); Lynn v. Dubowski , No. 97-3368, 1998 WL 732805 (10th Cir. Oct. 19, 1998) (unpublished) (affirming dismissal of a civil rights conspiracy claim against the wife of a juror at Lynn's criminal trial, the prosecuting attorney, the trial judge, his defense counsel, Johnson County, Kansas, and three officers at the Johnson County jail); Lynn v. Kunen , No. 97-3287, 1998 WL 732804 (10th Cir. Oct. 19, 1998) (unpublished) (affirming dismissal of civil rights action filed against a public defender appointed to represent Lynn in his direct appeal); Lynn v. Simpson , No. 97-3209-JWL, 1999 WL 33177298 (D. Kan. Nov. 22, 1999) (unpublished) (denying Lynn's request to add additional defendants and new claims in excessive force case); Lynn v. Valdez , No. 97-3209-JWL, 2000 WL 1817187 (D. Kan. Dec. 6, 2000) (unpublished) (denying Lynn's motion for a new trial in excessive force case); State ex rel. Stovall v. Lynn , 975 P.2d 813 (Kan. Ct. App. 1999) (listing nine civil lawsuits Lynn filed in a four-month period in Kansas state courts and affirming filing restrictions). By October 19, 1998, plaintiff had a total of six strikes against him in federal court for the purposes of 28 U.S.C. § 1915(g), a provision of the Prison Litigation Reform Act (PLRA), Lynn v. McClain , 1998 WL 732806, at **3.

**Case No. 00-3158**

Although Lynn v. McClain, No. 00-3158, is styled as a habeas action under 28 U.S.C. §§ 1651, 2241, 2254, it does not directly challenge the constitutionality of Lynn's criminal proceedings. In his petition, Lynn sought relief from judgments entered in his federal and state civil rights cases, based on a contention of newly-discovered evidence of fraud on the part of a state court judge.

The district court carefully parsed Lynn's claims and determined that: (1) it lacked habeas jurisdiction because Lynn was not in custody under the conviction or sentence under attack, see Maleng v. Cook, 490 U.S. 488, 490 (1989); (2) absent habeas jurisdiction, the *Rooker-Feldman* doctrine barred federal review of the state civil judgments, see Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923); and (3) a habeas action may not be used either (a) to attack 28 U.S.C. § 1915(g), which limits a prisoner's ability to proceed in forma pauperis in civil actions after the dismissal of three such actions on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, or (b) to evade restrictions imposed in Lynn's cases filed under 42 U.S.C. § 1983. The court therefore denied all requested relief and dismissed the action.

To qualify for a COA, a movant must make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), showing that his issues are debatable among jurists of reason, subject to a different resolution on appeal, or deserving of further proceedings. See Montez v. McKinna, 208 F.3d 862, 869 (10th Cir. 2000). Here, we conclude that Lynn has failed to make the requisite showing. Accordingly, we deny his request for a COA and dismiss the appeal.

**Case No. 00-3338**

In Lynn v. Nelson, No. 00-3338, filed under 28 U.S.C. § 2254, Lynn sought habeas corpus review of alleged constitutional error in his criminal trial. He also requested a stay of the resentencing proceeding, contending that the assigned state court judge would not provide him with a fair and unbiased hearing. The district court determined that federal intervention in ongoing state proceedings was not warranted. It therefore denied the stay motion and dismissed the habeas petition without prejudice, pending exhaustion of state court remedies.

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). It is evident from a review of the record that Lynn has not satisfied the federal exhaustion requirement. Accordingly, we deny

the request for a COA and dismiss the appeal. We also deny Lynn's "Emergency Motion for a Stay of State Proceedings and Motion for Order Compelling New State Judge or Remand for Evidentiary Hearing." His "Motion to Consider or Consolidate to Criminal Case Appeal" is denied as moot.

## Case No. 01-3036

In Lynn v. Cleaver, No. 01-3036, Lynn renewed his request for habeas corpus review of his criminal case and a stay of the state resentencing proceeding. The district court again denied relief on the grounds that he failed to exhaust state court procedures. Lynn's appeal of this ruling was filed February 22, 2001. Although the time has not yet expired for the filing of appellant/petitioner's opening brief and application for a COA, we have determined that the appeal is so meritless that there is no need to await further filings. Lynn's continued assertion of the same issues and arguments constitutes abuse of the judicial process. We consider the notice of appeal to be a request for certificate of appealability, see Fed. R. App. P. 22(b)(2), and deny the request. The appeal is DISMISSED.

## Conclusion

Lynn's filings in these appeals are repetitive, frivolous, and malicious. We note that his past civil filings have subjected him to the "three strike" provisions of 28 U.S.C. § 1915(g). Unless Lynn is in "'imminent danger of serious physical injury,'" he is no longer entitled to proceed in forma pauperis in civil actions in federal court. See White v. Colorado, 157 F.3d 1226, 1232 (10th Cir. 1998) (quoting § 1915(g)). This prohibition does not apply to habeas proceedings. See United States v. Simmonds, 111 F.3d 737, 741 (10th Cir. 1997). However, we caution Lynn that continuing to "'engage[] in a pattern of litigation activity which is manifestly abusive,'" Howard v. Mail-Well Envelope Co., 150 F.3d 1227, 1232 (10th Cir. 1998) (quoting Winslow v. Hunter (In re Winslow), 17 F.3d 314, 315 (10th Cir. 1994)), will result in additional filing restrictions, applicable to any type of civil case.

The appeals are DISMISSED and all outstanding motions are DENIED.

Entered for the Court

Stephanie K. Seymour
Circuit Judge