(975 P.2d 813)

No. 80,028

STATE OF KANSAS *ex rel.* STOVALL, *Appellee*, v. PATRICK C. LYNN, *Appellant.*

Opinion filed April 9, 1999.

*Patrick C. Lynn*, appellant pro se.

*James W. Coder*, assistant attorney general, and *Carla J. Stovall*, attorney general, for the appellee.

Before ELLIOTT, P.J., PIERRON, J., and CHIPMAN, S.J.

PIERRON, J.: Patrick C. Lynn appeals the district court's granting of an injunction which placed restrictions on his ability to file new cases and other pleadings in the state courts of Kansas. We affirm.

On November 15, 1996, Lynn was convicted for aggravated kidnapping, aggravated burglary, rape, and aggravated sodomy. Since that time he has filed multiple pro se original civil causes of actions in district court arising out of his convictions. His criminal conviction is presently on appeal.

On January 16, 1997, Lynn filed a presentencing habeas corpus action, *Patrick C. Lynn v. State of Kansas*, case No. 97C480, declaring he was being held unlawfully, was denied effective assistance of counsel, denied a fair trial, and was the victim of prose-

cutorial misconduct, a defective information, jury misconduct, and judicial bias and misconduct.

On March 19, 1997, Lynn filed *Patrick C. Lynn v. Renee Lynn Anderson*, case No. 97C3549, alleging that a witness in his criminal trial was responsible for tort damages to him for a car accident, unrelated to the criminal case, where Lynn alleged the defective brakes in the witness' car caused him to have an accident.

On April 3, 1997, Lynn filed *Patrick C. Lynn v. Edward Byrne*, case No. 97C4388, alleging that Byrne, his court-appointed counsel, committed legal malpractice and fraud.

On April 3, 1997, Lynn filed *Patrick C. Lynn v. Ruth Dubowski, et al.*, case No. 97C4389, where he sued the wife of one of the jurors, his attorney, the district attorney, and the trial judge for violating his constitutional right to a fair trial.

On April 3, 1997, Lynn filed *Patrick C. Lynn v. Lt. Simpson, et al.*, case No. 97C4391, accusing 19 separate law enforcement officials of violating a myriad of his constitutional rights during the investigation of the above-mentioned criminal case.

On April 9, 1997, Lynn filed *Patrick C. Lynn v. Mark Chance, Byron Cerrillo and Michaela Sinkhorn*, case No. 97C4697, alleging that his court-appointed attorney and investigators for the Johnson County Public Defender's Office had committed legal malpractice and fraud.

On April 10, 1997, Lynn filed *Patrick C. Lynn v. Carol Werth*, case No. 97C4741, alleging Werth, the victim in the above-mentioned criminal case, was liable to him for damages resulting from libel and defamation, false arrest, fraud, invasion of privacy, perjury, filing a false police report, and outrageous conduct for her part in prosecuting him.

On April 15, 1997, Lynn filed *Patrick C. Lynn v. Renee Lynn Anderson*, case No. 97C4992, for Anderson's alleged defamatory, libelous, and fraudulent actions, words, deeds, and conduct against him.

Apparently, parallel federal lawsuits have also been filed which are not subjects of this appeal.

On April 24, 1997, Lynn filed a petition in the Kansas Supreme Court for a writ of mandamus and motion for emergency injunctive

relief against Judge McClain and the District Courts of Johnson County because Lynn had been notified that several of his petitions were deficient. The Kansas Supreme Court denied Lynn's motion in case No. 97-78,919.

On May 27, 1997, the State of Kansas filed a petition seeking reasonable filing restrictions be placed on Lynn. The same day, the district court entered a restraining order imposing temporary filing restrictions. On June 27, 1997, the district court conducted a hearing for a permanent injunction. Lynn was present by telephone from the Lansing Correctional Facility and was permitted to make arguments against the injunction. The court granted the permanent injunction. Later, the court modified the injunction to allow Lynn to file his papers using pen and ink as long as they were legibly written.

The filing restrictions placed on Lynn are summarized as follows:
1. Lynn must file an application for leave to file a petition or pleading, excluding a notice of appeal.
2. Lynn must attach a copy of the injunction as the first item of the document.
3. Lynn must include a copy of the proposed petition or pleading, a current list of all lawsuits currently pending or previously filed with the court or any other Kansas court involving the same claims or parties, and disposition of same if possible, all outstanding filing injunctions, and a notarized statement of his prison account.
4. Lynn must include a notarized affidavit certifying that the claims have not been previously asserted, the claims are not frivolous or made in bad faith, and the claims comply with all civil and appellate procedures and rules.
5. The administrative judge, or the judge's designee, will then determine if the petition or pleading is lacking in merit, is duplicative, or is frivolous. If the petition or pleading is found to comply with the above requirements, Lynn will be granted leave to file it.

Lynn appeals the injunction.

"[T]he right of access to the courts is neither absolute nor unconditional [citation omitted] and there is no constitutional right

of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989). "The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous [claims]." *In re Sindram*, 498 U.S. 177, 179-80, 112 L. Ed. 2d 599, 111 S. Ct. 596 (1991). No one, rich or poor, is entitled to abuse the judicial process. *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975).

We recognize that filing restrictions are a serious sanction and that litigiousness alone is not a sufficient reason to restrict access to the court. *Tripati*, 878 F.2d at 353. However, where, as here, a party has "engaged in a pattern of litigation activity which is manifestly abusive," restrictions are appropriate. *Johnson v. Cowley*, 872 F.2d 342, 344 (10th Cir. 1989). Abusive and repetitive filings cannot be allowed to strain the resources of the Kansas courts. See *In re McDonald*, 489 U.S. 180, 184, 103 L. Ed. 2d 158, 109 S. Ct. 993 (1989). However, restrictions on a person's right to access to the courts must be carefully drawn and not be unnecessarily restrictive.

We have reviewed Lynn's voluminous filings in this appeal and the record of the hearing conducted concerning the request for the injunction. A fair reading of the proceedings below, including Lynn's own statements concerning his reasons for the filings, leads us to the conclusion that the main purpose of these suits is to aid Lynn in his appeal from his conviction. He states he wishes to gain information from them to achieve this purpose.

It also appears that Lynn is using the suits as a means to attempt to harass the victim, witnesses, police investigators, judges, and others involved in his case.

Based on the facts of this case, we find the filing restrictions to be reasonable. They are similar to those approved in *In re Winslow*, 17 F.3d 314, 316 (10th Cir. 1994). We find no abuse of discretion in the district court's granting of the injunction against Lynn. He has appropriate additional access to the courts under these restrictions.

Affirmed.