FILED
United States Court of Appeals
Tenth Circuit

November 30, 2007

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

PATRICK C. LYNN,

      Plaintiff-Appellant,

v.

RENEE ANDERSON-VARELLA, in her individual and official capacity; (FNU) MUKASEY, United States Attorney General; MIKE WARD, Kansas State 13th Judicial District Court Judge; JAN SATTERFIELD, Butler County Kansas District Attorney; CRAIG MURPHY, Butler County Kansas Sheriff; SANDY MCCLURDY, Johnson County Kansas District Court Clerk; KANSAS SUPREME COURT; TENTH CIRCUIT COURT OF APPEALS; (FNU) SEBELIUS, Kansas Governor; RON THORNBURGH, Kansas Secretary of State; LARRY WELCH; TERRY KNOWLES; KANSAS BUREAU OF INVESTIGATION; FEDERAL BUREAU OF INVESTIGATION; KANSAS DISCIPLINARY ADMINISTRATOR'S OFFICE; KANSAS JUDICIAL QUALIFICATIONS COMMISSION; KANSAS LEGISLATURE JUDICIARY COMMITTEE; KANSAS LEGISLATURE KDOC OVERSIGHT COMMITTEE; KANSAS DEPARTMENT OF CORRECTIONS; STATE OF KANSAS; OKLAHOMA DEPARTMENT OF CORRECTIONS; CORRECT CARE SOLUTIONS; STATE OF OKLAHOMA, in their official capacities; JOHN HOLTZHUTER; KEVIN STAFFORD,

No. 07-3046
(D.C. No. 06-CV-3172-SAC)
(D. Kan.)

F.B.I./S.A.I.C.; MARTHA MORROW, Butler County Kansas District Court Clerk; JANELLE JESSUP, Butler County District Court Clerk; PAUL MORRISON, Johnson County Kansas District Attorney; JOHN DONHAM; STEVE CHAPMAN; CARL CORNWELL; EDWARD BYRNE; CARLA STOVALL-STECKLINE; CAROL WERTH; STAN WELCH; PHILL KLINE, Kansas Attorney General; KRISTOPHER AILSLIEGER; MATHEW RICKE; BRIAN SHEERN; REBECCA WEEKS; ROBERT ALLISON-GALIMORE; RALPH DEZAGO, Assistant Attorney Generals; STANTON HAZLETT, Kansas Attorney Disciplinary Administrator; FRANK DIEHL, Assistant Disciplinary Administrator; ALEX WALCZAK, Assistant Disciplinary Administrator; MARTY SNYDER; BILL LIGHT, Kansas State Representative; PETE BRUNGARDT, State Senator; BONNIE HUY, Kansas State Representative; ROBERT FLEMMING; JENNIFER JONES; LARRY SHEPPARD; BRUCE BUCHANAN; MARY COHEN; ROBERT CREIGHTON; DAVID KING; MIKEL STOUT, Kansas Judicial Qualifications Commission Board Members; MICHAEL STONE; STEPHEN KESSLER; STEVEN SHERWOOD; ROGER WERHOLTZ; CHARLES SIMMONS; BILLY CUMMINGS; LYNDEN APPEL; (FNU) MCCONAGHY, CCII; JOHN DOE (1), CO1; RAY ROBERTS; SUSAN GIBREAL; DEBBIE BRATTON; KEN LUMAN; SAM MEDLIN, Major; (FNU) HEIMGARTNER, Captain; (FNU) TRAVNICEK, Captain; MARK BARNES, Lieutenant; (FNU) STENSENG,

Lieutenant; (FNU) MCGUIRE, CS1; (FNU) HARRIS, COII; (FNU) KELLY, CS1; JJ SMITH, CS1; (FNU) EMERY, CS1; RANDY JOHNSON, CS1; (FNU) KAUFMAN, CCII; (FNU) HERMRECK, Lieutenant; (FNU) LAIR, Lieutenant; (FNU) INGRAM, Lieutenant; DON THOMAS; JULIE ST. PETER; ARTHUR VARELLA; WAN KIM, Assistant United States Attorney General; ERIC MELGREN, Kansas United States Attorney General; PHIL JOURNEY, Kansas State Senator; (FNU) ZEEF, Johnson County Kansas Deputy Sheriff; FRANK DENNING, Johnson County Kansas Sheriff; JOHN DOUGLASS, Overland Park Kansas Police Chief; ROGER PESEK; ROGER WILSON; TOM SMITH; S. STOVALL; MORGAN MORROW; (FNU) MCREYNOLDS; (FNU) DRAKE, Overland Park Kansas Police Officers; B.J. HOHNHOLT; (FNU) ALLEN, Detectives; VALERIE FAHRNOW; LEE BRANUM; GARY DIRKS, Johnson County Deputy Sheriffs; LYNN ALLEN; SHIRLEY FESSER; GENE SCHMIDT; (FNU) VODONICK, Doctor; (FNU) HORTON, Nurse; JANE DOE I, Safe Home Counselor; BYRON CERRILLO; MICHALA SINKHORN; MARK CHANCE; MARK GERSTLE; BRENDA CAMERON; CHAPMAN & WHITE LAW FIRM; DEBRA VERMILLION; (FNU) BARTA, Shawnee County Kansas Sheriff; ROBERT HECHT, Shawnee County Kansas District Attorney; HOWARD SCHWARTZ, Kansas Judicial Administrator; KEVIN CASE, Assistant Attorney General, JANE DOE II, Kansas Special Assistant Attorney General; MARILYN AULT;

-3-

JOHN VRATIL, Senator; DEBRA NORMAN, MARCIA MEYERS; TIMOTHY MADDEN; SHELLY STARR; (FNU) BRUCE, Warden; B. WALLACE, CO2; MIKE NELSON; REBECCA DENCHFIELD; (FNU) MOGOLIS, CO1; (FNU) YEAGER, CO1; (FNU) MERRICK, CS1; KATHY HARRIS; (FNU) Vail, CO2; (FNU) KERR, CO2, (FNU) ROHLING, CCII; (FNU) IRMY,CO1; (FNU) O'BRIEN,CO1; (FNU) THOMPSON, CS1; TIM NICHOLS, CCII; (FNU) FINDLEY, CS1; (FNU) CALL, Captain; (FNU) TROWER, Captain; (FNU) DRAGOO, Captain; AKALIS, Lieutenant; (FNU) FOSTER, Lieutenant; (FNU) BOTTEROFF, Captain; (FNU) LEWIS, CS1; (FNU) JACKSON, CS1; (FNU) POSTON, CS1; (FNU) CRUMP, CO2; (FNU) WOLF, CO1; (FNU) REYNOLDS, CO1; (FNU) MADDOX, CO1; (FNU) STURGILL, CCI; (FNU) GUNTER, CCII; (FNU) PREBBLE, CCII; SHERRY BUSER; (FNU) POSTON, CCII; ROBERT SAPIEN; CARRIE MARLETT; PAUL SNYDER; (FNU) COURTNEY, CO1; (FNU) BLISS, CO1; (FNU) BARLEY, CS1; (FNU) FRYE, CO2; (FNU) GOKEN, CO1; (FNU) FISCHER, CO1; (FNU) SMALL, CO1; (FNU) CALLOWAY, CO1; TRACY JOHNSON, CO1; (FNU) MALL, CO1; (FNU) HENLEY, CS1; (FNU) GAINES, CO1; (FNU) AUSTIN, CS1; (FNU) CAIN, CO1; J.G. SMITH, CO1, J SMITH, CO1; (FNU) LEWIS, CS1; (FNU) DUTTON, CCII; FNU INGRAM, CO2; (FNU) JEHNER, CO2; (FNU) FOOTE, CO1; (FNU) JONES, CS1; SHAWNEE MISSION MEDICAL CENTER; PEGGY SCHMIDT; (FNU)

-4-

WEDL, Aramark Supervisor; (FNU) ADAMSON, Librarian; (FNU) KILCHER, Doctor; (FNU) CANON, Doctor; LEGAL SERVICES FOR PRISONERS, INC.; (FNU) LARKIN; DAWN WOLF; (FNU) PERKINS; (FNU) LUELLEN; (FNU) COUNTRYMAN, Mental Health Counselors; JAMES VANLANDINGHAM; REGINALD HINES; TRACY JONES; (FNU) NICHOLSON; (FNU) (LNU), Oklahoma Department of Corrections, Lexington Prison Guards Roscoe #1 through #8; (FNU) WILSON, Lieutenant; MIKE MULLINS; LEE MANN; DAVID ORMAN; WAYNE BRACKENSACK; (FNU) HANCE, Sargeant; DANNY ALEXANDER; BILL CLARKSON; VINCE PORTER; (FNU) FRANZESE, Chaplain;MELINDA GUILFOYLE; JAN STANDIFERD, in their individual and official capacities,

Defendants-Appellees.

# ORDER AND JUDGMENT[*]

Before **TACHA**, Chief Judge, **McCONNELL** and **GORSUCH**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Patrick Lynn appeals pro se from the district court's sua sponte dismissal of his civil rights action.[**] We have jurisdiction under 28 U.S.C. § 1291 and affirm for substantially the same reasons the district court provided.

I.

Mr. Lynn is a Kansas state prisoner at the El Dorado Correctional Facility. On June 26, 2006, he commenced this action pro se, primarily under 42 U.S.C. § 1983, by filing a "(Preliminary) Complaint" that named approximately seventy-nine defendants, mostly prison officials and staff, judges and officials of the State of Kansas, federal judges and officials, and individuals alleged to have acted jointly with the state actors. R., Vol. I, Doc. 1. Mr. Lynn's allegations concerned a variety of conduct commencing in 2000 that centered on (1) denial of meaningful access to the courts, in large part arising from prison restrictions on writing materials and copies, and from delays or failures related to sending his legal mail; and (2) retaliation against him for filing grievances and lawsuits, including placement in administrative segregation. He asserted that the alleged conduct violated his rights under the First, Sixth, Eighth, and Fourteenth Amendments to the Constitution. His prayer for relief consisted of thirty numbered paragraphs of requests for hearings, counsel, protective orders,

---

[**] On November 9, 2007, Michael B. Mukasey became the United States Attorney General. In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Mr. Mukasey is substituted for Alberto R. Gonzales as the Appellee in this action.

declaratory and injunctive relief, and monetary damages, including release from administrative segregation, declarations that certain prison policies and Kansas statutes were unconstitutional, injunctive orders to state-court judges concerning orders issued in various civil cases involving Mr. Lynn, and a stay of his appeal to this court in his habeas corpus proceeding so that he could properly file pleadings and evidence.

Soon after filing his complaint Mr. Lynn filed the first four pages of an unfinished "First Amended Complaint," all but two lines of which were devoted to listing an expanded number of defendants (239 by his count) and numerous federal and state statutes supporting jurisdiction. *Id.*, Doc. 2. The document ended with a partial sentence that began to describe what the lawsuit encompassed but broke off in mid-stream at the bottom of the page. *Id.* at 4. In an accompanying motion to stay his action, Mr. Lynn claimed he was unable to complete his amended pleading because prison officials took his ink pen and forced him to work with a two-inch golf pencil, which he taped to the motion as an exhibit. *Id.*, Doc. 3 & Ex. B. He also requested replacement of the district court judge, who was a named defendant, and a hearing.

The district court reviewed Mr. Lynn's pleadings pursuant to its screening

obligation under 28 U.S.C. § 1915A[1] and issued a fifteen-page Memorandum and

Order on July 13, 2006.[2] In that order the court identified fifteen specific claims

in Mr. Lynn's pleadings but observed that the pleadings contained little other than

conclusory claims and demands. The court described a number of more specific

pleading deficiencies in Mr. Lynn's complaints, including failure to state

---

[1]      28 U.S.C. § 1915A provides, in relevant part:

> (a) Screening.--The court shall review, before docketing, if
> feasible or, in any event, as soon as practicable after docketing, a
> complaint in a civil action in which a prisoner seeks redress from a
> governmental entity or officer or employee of a governmental entity.

> (b) Grounds for dismissal.--On review, the court shall identify
> cognizable claims or dismiss the complaint, or any portion of the
> complaint, if the complaint--

> > (1) is frivolous, malicious, or fails to state a claim
> > upon which relief may be granted; or

> > (2) seeks monetary relief from a defendant who is
> > immune from such relief.

[2]      The district court noted that Mr. Lynn has a long litigation history. He is
subject to filing restrictions in the Kansas state courts due to a pattern of
manifestly abusive litigation. *See State ex rel. Stovall v. Lynn*, 975 P.2d 813,
814-16 (Kan. Ct. App. 1999). Further, he is prohibited from proceeding without
prepayment of fees in federal court due to accumulating at least six strikes under
28 U.S.C. § 1915(g) for filing actions or appeals while incarcerated that were
dismissed as frivolous, as malicious, or for failure to state a claim upon which
relief can be granted. *See Lynn v. McClain*, 12 F. App'x 676, 676 n.1 (10th Cir.
2001) (unpublished) (collecting cases). In the present case, Mr. Lynn paid the
filing fee in the district court and on appeal, thereby avoiding the restrictions of
§ 1915(g), but not the examination required by § 1915A.

sufficient facts in support of his claims; failure to file his complaint on court-approved forms for prisoners filing civil rights claims, as prescribed by D. Kan. R. 9.1(a); failure to exhaust administrative remedies; failure to allege sufficient personal participation by each and every defendant; failure to state a claim as to defendants immune from suit; failure to state a claim as to alleged denial of access to the courts; and statute-of-limitations problems for actions alleged to have occurred more than two years prior to filing the suit.

In view of these problems, the court concluded that the complaint was subject to being dismissed. The court directed Mr. Lynn to file a second amended complaint on court-provided forms curing the deficiencies or face dismissal without further notice. In particular, the court directed Mr. Lynn to present a short and plain statement of his claims supported by factual allegations and naming only those defendants that personally participated in the alleged acts. For limitations purposes, the court ordered him to allege the dates on which each action or failure to act took place. The court declined to appoint counsel and also denied Mr. Lynn's requests for relief regarding prison restrictions on writing materials and postage. The court additionally noted that his allegations of retaliatory transfer and use of excessive force were similar to those Mr. Lynn raised in prior state-court suits decided adversely to him and requested that he clarify whether his allegations concerned the same matters.

Further, the district court dismissed the action in certain substantive respects. First, the court dismissed the action for failure to state a claim insofar as it was brought against federal and state judges due to (1) their immunity from suit for money damages for actions taken in their judicial capacities, (2) the district court's lack of power over official actions of state-court judges, and (3) the absence of any factual allegations pertaining to any named judge. Second, citing its lack of power, the court dismissed Mr. Lynn's claims or requests that the court order the Kansas Attorney General and the United States Attorney to initiate criminal prosecutions for all criminal acts allegedly committed by the defendants against him. Third, the court dismissed any claims pertaining to alleged violations of state laws and prison regulations as not cognizable under § 1983. Fourth, the court dismissed for failure to state a claim any of Mr. Lynn's claims or requests asserting that he is entitled to legal assistance by another inmate as "next of friend." Finally, the court denied Mr. Lynn's formal motion requesting a stay, recusal, and an emergency hearing, as well as requests he did not present by separate motion, including that the court or prison officials make service copies of his pleadings, that the court serve the Kansas Attorney General with an order for a preliminary hearing, and that the court grant preliminary and emergency relief.[3]

---

[3] Although at the conclusion of its opinion the district court restated most of the rulings described in the preceding two paragraphs of this Order and Judgment,

(continued...)

Rather than file an amended complaint on the court's official form, Mr. Lynn filed a number of other papers denominated objections, responses, motions, supplements, and the like, some of which were docketed as two separate documents. On many of the exhibits attached to those filings Mr. Lynn had written comments laced with obscenities, expletives, and threats. He again requested a variety of relief including a stay, a hearing, and a temporary restraining order.

The district court considered all of Mr. Lynn's submissions and, in a detailed, thirty-four page Memorandum and Order filed on January 26, 2007, concluded that he had not cured the deficiencies in his prior pleadings and that any new allegations also were deficient.[4] Accordingly, the court dismissed the action under 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1)[5] for failure to

_____

[3](...continued)
some are derived from the body of the district court's discussion.

[4]      Additionally, the court recognized the intervening change in the law pertaining to exhaustion of administrative remedies effected by *Jones v. Bock*, 127 S. Ct. 910, 914 (2007), and did not base its dismissal on Mr. Lynn's failure to plead exhaustion or to show that he satisfied the exhaustion requirement as to all claims.

[5]      42 U.S.C. § 1997e(c)(1) provides:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a

(continued...)

state a claim upon which relief can be granted. *See* R., Vol. II, Doc. 21 at 2, 3, 33.[6] The court denied all of Mr. Lynn's formal motions (except one to amend information regarding certain defendants) as well as his other requests for reassignment of the case or recusal, reconsideration of the court's prior order, and preliminary injunctive relief related to restrictions on his mailing and writing materials. The court further ordered Mr. Lynn to omit his "angry, profane rants" from any future filings and advised him that the court would strike any document that included such comments. *Id.* at 6; *see also id.* at 34. The court also denied his post-judgment motion for relief. Mr. Lynn appealed.

## II.

"We . . . review de novo an order dismissing a prisoner's case for failure to state a claim[,]" accepting all well-pleaded facts as true. *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an

---

[5](...continued)
      claim upon which relief can be granted, or seeks monetary relief
      from a defendant who is immune from such relief.

[6]     The court also found Mr. Lynn's complaint in general, and his denial-of-access claim and certain motions in particular, to be frivolous or malicious, *see, e.g.*, R., Vol. II, Doc. 21 at 2 (complaint frivolous and malicious), 7 & 20 (denial of access claim ludicrous or frivolous), and 10 (motions for oral argument and TRO were without legal or factual basis), but did not rely on those bases for dismissal, *see id.* at 2 & 33 (dismissing for failure to state a claim).

opportunity to amend." *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. Because Mr. Lynn has proceeded pro se, we construe his pleadings and other papers liberally, applying a less stringent standard than formal pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

On appeal, Mr. Lynn formally identifies five issues and discusses a number of other matters. His first and fifth formally identified issues are that (a) he was unable to comply with the district court's order to file an amended complaint because of the restrictions of which he complains and (b) the restrictions on his access to the courts have precluded him from properly and effectively presenting his issues in this appeal. These contentions are completely undermined by the volume of material he filed in the district court, the thirty-five page brief he submitted on appeal, and additional arguments he makes in motions filed with this court.

Mr. Lynn's second issue is that his pleadings provided enough of a factual basis for his case to move forward, but he does not direct this court to the specific factual allegations in his mass of district-court filings that he claims the district court treated improperly. Accordingly, he has not preserved appellate review.

-13-

*See Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995) (refusing to search record for "dormant evidence" when an appellant failed to make specific reference to the record in its appellate brief). Regardless of this shortcoming, we have reviewed the specific incidents referenced in his district-court filings. We see no error in the court's handling of those incidents it directly addressed. Nor have we uncovered any other incidents upon which Mr. Lynn could properly base a claim sufficient to survive dismissal on screening.

Mr. Lynn's third argument, that 18 U.S.C. §§ 3626(a)(1)(A) & (a)(2) obligate the court to intervene on his behalf, is without legal basis and therefore frivolous.[7] Those provisions concern only the scope of the court's power to enter

---

[7]     Section 3626(a)(1)(A) and (a)(2) provide:

Requirements for relief.--

> (1) Prospective relief.--(A) Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.
>
> . . .
>
> (2) Preliminary injunctive relief.--In any civil action

(continued...)

prospective and preliminary injunctive relief in civil actions concerning prison

conditions. Mr. Lynn has not shown entitlement to the relief they describe.

Mr. Lynn's remaining issue (his fourth formal issue) is that the district

court erred in declaring, in its Memorandum and Order of July 13, 2006, that it

lacked power to issue orders directing the actions of state judges or in cases in

other jurisdictions. In support of this issue, he makes two arguments that merit

discussion.

Mr. Lynn first asserts that he was entitled to injunctive, declaratory, and

mandamus relief under 42 U.S.C. §§ 1983 and 1985 as to an apparently ongoing

state-court case where, he alleges, court staff acting pursuant to judicial orders

refuse to file any of his motions and the presiding judge refuses to recuse himself.

---

[7](...continued)
> with respect to prison conditions, to the extent otherwise
> authorized by law, the court may enter a temporary
> restraining order or an order for preliminary injunctive
> relief. Preliminary injunctive relief must be narrowly
> drawn, extend no further than necessary to correct the
> harm the court finds requires preliminary relief, and be
> the least intrusive means necessary to correct that harm.
> The court shall give substantial weight to any adverse
> impact on public safety or the operation of a criminal
> justice system caused by the preliminary relief and shall
> respect the principles of comity set out in paragraph
> (1)(B) in tailoring any preliminary relief. Preliminary
> injunctive relief shall automatically expire on the date
> that is 90 days after its entry, unless the court makes the
> findings required under subsection (a)(1) for the entry of
> prospective relief and makes the order final before the
> expiration of the 90-day period.

*See* Aplt. Br. at 18. Although the court provided no legal citation for its statement that it lacked power to direct the actions of state courts, the *Younger* abstention doctrine supports the court's conclusion as to this ongoing case. *See Southwest Air Ambulance, Inc. v. Las Cruces*, 268 F.3d 1162, 1177 (10th Cir. 2001) ("Under the abstention doctrine articulated by the Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971), federal courts should not interfere with [ongoing] state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings when the state forum provides an adequate avenue for relief.") (quotations omitted).

Second, Mr. Lynn argues that another defendant-judge, Judge Sanders of the Butler County, Kansas, district court, is subject to suit for money damages because he acted outside the scope of his judicial authority. *See* Aplt. Br. at 19. This argument is frivolous—all the actions about which Mr. Lynn complains, *see id.*, were performed in a judicial capacity and within Judge Sanders's jurisdiction. Thus, even assuming Judge Sanders acted with malice, as Mr. Lynn contends, judicial immunity applies to Mr. Lynn's claim for money damages. *See Mireles v. Waco*, 502 U.S. 9, 11-13 (1991).

In addition to his formal issues, Mr. Lynn makes a number of other points that are frivolous or unpersuasive. *See* Aplt. Br. at 25-35. We decline to address these points in detail.

## III.

Having reviewed the record, the relevant law, and Mr. Lynn's filings in this appeal, and concluding that none of his arguments have merit, we AFFIRM the dismissal of his action for substantially the same reasons stated in the district court's Memorandum and Order filed on July 13, 2006, and its Memorandum and Order filed January 26, 2007.[8] "Appellant's Motion for Leave to File Third New Supplemental Evidence and Supporting Arguments Proffer" is granted to the extent it further explains allegations of error by the district court and denied in all other respects. However, we see no merit in the arguments Mr. Lynn makes in that motion. Mr. Lynn's other pending motions are denied.

Entered for the Court

Michael W. McConnell
Circuit Judge

---

[8]    Mr. Lynn has raised no issue on appeal concerning the district court's denial of his motion for post-judgment relief.