NOT DESIGNATED FOR PUBLICATION

No. 116,284

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ERIC M. MUATHE, *et al.*,
*Appellants*,

v.

HONORABLE KURTIS LOY, *et al.*,
*Appellees*.


MEMORANDUM OPINION

Appeal from Crawford District Court; JACK L. BURR, judge. Opinion filed July 21, 2017. Affirmed.

*Eric M. Muathe*, *James Beckley, Jr.*, *Kasey King*, and *Travis Carlton*, appellants pro se.

*Stephen Phillips*, assistant attorney general, and *Derek Schmidt*, attorney general, for appellees Honorable Kurtis Loy, Honorable Andrew Wachter, Honorable Robert Fleming, Honorable Lori Fleming, Honorable Jeffry Jack, Honorable Oliver Kent Lynch, Honorable Janice Russell, Honorable Richard Smith, Honorable John Sanders, Stanton Hazlett, and Tim Grillot.

*Shon D. Qualseth* and *Whitney Casement*, assistant attorneys general, and *Derek Schmidt*, attorney general, for appellees Kansas Judicial Qualifications Panels A and B.


Before MALONE, P.J., LEBEN and BRUNS, JJ.


*Per Curiam*:  The appellants, Travis Carlton; James Beckley, Jr.; Kasey King; and Eric Muathe, appeal from the district court's decision dismissing their petition against the appellees and imposing sanctions in the form of filing restrictions against them. The

1

appellants raise several issues on appeal. Based on our review of the record, however, we conclude that the district court did not commit reversible error. Thus, we affirm.

FACTS

On July 22, 2015, the appellants filed a class action petition for injunctive relief against several district judges, several senior judges, the disciplinary administrator, the attorney general, and several attorneys. The petition also named the Kansas Commission on Judicial Qualifications Panels "A" and "B" as defendants but did not identify any of the members of the panels by name.

In the petition, the appellants listed numerous complaints about the various appellees. In their prayer for relief, they requested that a permanent injunction be entered disqualifying the appellee judges from participating in court actions in which their impartiality might reasonably be questioned and for the appointment of an independent oversight committee to investigate the appellants ethical complaints against the appellees. Because of the nature of the case, Chief Justice Lawton Nuss assigned Senior Judge Jack Burr to hear the case.

Over the next several months, each of the appellees sought to have the action dismissed. On September 28, 2015, several of the appellees filed a motion for sanctions against the appellants. These appellees argued that the appellants had a history of filing frivolous lawsuits and requested that filing restrictions be placed on the appellants. In support of the motion for sanctions, these appellees attached copies of pleadings for multiple other cases filed by the appellants, which are included in the record on appeal.

Ultimately, the appellants filed a voluntary dismissal of this action on March 21, 2016. In response, the appellees argued that although the appellants had the right to voluntarily dismiss the lawsuit, the district court should still consider the motion for

2

sanctions they filed prior to the dismissal. On April 4, 2016, the appellants filed a motion for a change of judge, a motion for a continuance, and a motion to withdraw their voluntary dismissal. The district court considered all of these motions at a hearing held on April 18, 2016. The district court also considered three small claims cases filed by Noah Day—who was a plaintiff in this case but who is not one of the appellants in this appeal.

Although they had notice of the hearing, none of the appellants appeared. However, each of the appellees participated in the hearing by and through their respective attorneys. Under the circumstances, the senior judge found that the hearing should go forward as scheduled. He also noted that the action was dismissed upon filing of the notice of dismissal and found no reason to reinstate the action. The senior judge then considered the motion for change of judge. In denying the motion, the senior judge noted that the motion did not indicate any reason why he should be disqualified and also found it to be procedurally barred because it was filed outside the time period set for in K.S.A. 20-311f.

The senior judge then considered the motion for sanctions. After noting that the appellants did not appear to oppose the motion, the senior judge found that the appellants had not done meaningful legal research in filing this action. Moreover, he found that the various appellants had filed multiple other cases that could be considered frivolous or harassing. Thus, he concluded that it would be appropriate to impose reasonable filing restrictions.

In a journal entry entered on June 15, 2016, the senior judge summarized the court documents he had reviewed as follows:

> "These cases contain frivolous pleadings, repeated motions to disqualify judges, and references to the UCC and sovereign citizenship. When several of the cases were

3

resolved, the judges imposed sanctions, including filing restrictions within those individual cases. Several [pleadings] were stricken from the public record due to abusive content. Many of Muathe's pleadings contain 'sovereign language.' On at least two occasions Muathe filed suit against a judge who was presiding over a case, then used that suit as grounds to seek recusal of the judge."

In the journal entry, the senior judge listed multiple cases filed by Muathe, King, Beckley, and Carlton. Although numerous cases were specifically identified, he noted that this was not an exclusive list of all of the cases filed by the appellants. He also reviewed various federal and state cases involving the right of access to the courts as well as the "inherent power [of courts] to impose carefully tailored restrictions on abusive litigants . . . ." Accordingly, the senior judge imposed the following filing restrictions on the appellants:

"1.     With the sole exception of a Notice of Appeal in this matter, *Pro Se* Litigants, individually and collectively, are enjoined and may not, proceeding *pro se*, file any pleading in this case or any new cases, including small claims and limited action cases, in any district court of the State of Kansas without express authorization of the undersigned Judge as to filings in this case, the Chief Judge of the district where a new case is to be filed, or such other Judge as shall be legally designated to review the filings. New suits by *Pro Se* Litigants which are signed and brought by a lawyer licensed to practice in this state or admitted *pro hac vice* are not subject to this restriction.

"2.     Should *Pro Se* Litigants, proceeding *pro se*, seek to file further pleadings in this case other than a Notice of Appeal, *Pro Se* Litigants shall submit the pleadings to this Judge or such other Judge as may be legally designated for review, and the clerk shall not file the pleading unless and until this Judge or designated Judge reviews them and certifies that they are not frivolous and repetitive. Should further pleadings be filed in this case, defense counsel shall not respond to them except upon order of the court.

"3.     Should *Pro Se* Litigants, proceeding *pro se* individually or collectively, seek to file any new case, including small claims or limited actions cases, in any district court in this state, *Pro Se* Litigants must file an application for leave to file a petition. The application shall be delivered to

4

the Chief Judge of the judicial district or such judge as shall be legally designated to conduct such review and shall include:

> a. a copy of this order or any subsequent orders related to filing restrictions;
>
> b. a copy of the proposed petition;
>
> c. a notarized affidavit certifying that the claims have not been previously asserted, the claims are not frivolous or made in bad faith, and the claims comply with all civil and appellate procedures and rules; and
>
> d. a current list of all lawsuits currently pending or previously filed with the court or any other Kansas court, including a list of all parties in each case, a statement of the claims in each case, and disposition of same if possible.

> "The Chief Judge or Designated Judge will then determine if the petition or pleading is lacking in merit, is duplicative, or is frivolous. If the petition or pleading is found to comply with the above requirements, *Pro Se* Litigants will be granted leave to file the petition or pleading. A failure to comply with the rules and orders of this court can subject them to sanctions and/or punishment for contempt. Further, no party shall be required to respond to anything filed by *Pro Se* Litigants unless a court of competent jurisdiction has approved the petition or pleading for filing and ordered parties to respond, or unless the petition or pleading is filed by a Kansas-licensed attorney on *Pro Se* Litigants' behalf.

"4.      The filing restrictions become effective as of the date Defendants filed this Motion for Sanctions on September 28, 2015. All *pro se* filings and cases submitted by *Pro Se* Litigants after the date the Motion for Sanctions was filed will be subject to court screening.

"5.      The Clerk of the Crawford County District Court is directed to serve a copy of this order on the Chief Judge of each of the 31 Judicial Districts in Kansas."

At the request of assistant attorney general Stephen Phillips, the senior judge did not include Day in the filing restrictions. Evidently, Day had reached an agreement with the attorney general to dismiss the three small claims cases he had filed because they

were similar to claims that he had asserted in federal court. As such, the senior judge also dismissed Day's small claims cases, and Day has not appealed from that decision.

The journal entry that was ultimately entered by the district court was drafted by the assistant attorney general and submitted pursuant to Kansas Supreme Court Rule 170 (2017 Kan. S. Ct. R. 216). In addition to submitting the proposed journal entry, the assistant attorney general also submitted objections asserted by the appellants. It appears that the proposed journal entry submitted was slightly different from the one sent to the appellants. Specifically, the assistant attorney general had removed Day from the list of parties upon whom filing restrictions were being imposed. Evidently, Day had told the assistant attorney general that he had moved to Colorado and promised never to abuse the Kansas courts in the future.

ANALYSIS

*Imposition of Sanctions after Dismissal*

On appeal, the appellants contend that the district court lost jurisdiction to impose sanctions after they had voluntarily dismissed their lawsuit. Whether jurisdiction exists is a question of law subject to unlimited review. *Fuller v. State*, 303 Kan. 478, 492, 363 P.3d 373 (2015). Although it is true that a district court generally loses jurisdiction upon dismissal of an action, there are exceptions to this rule. In particular, district courts continue to have authority to consider any motion for sanctions for conduct that took place prior to the case being dismissed. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-99, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990).

In *Cooter*, the United States Supreme Court—applying Rule 11 and Rule 41(a)(1) of the Federal Rules of Civil Procedure, which contain language that is substantially similar to K.S.A. 2016 Supp. 60-211 and K.S.A. 2016 Supp. 60-241(a)(1)—concluded

6

that district courts are not powerless to impose sanctions after a motion for voluntary dismissal has been filed. 496 U.S. at 394-95. In particular, the Supreme Court found:

"Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue:  whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate. Such a determination may be made after the principal suit has been terminated.

"Because a Rule 11 sanction does not signify a district court's assessment of the legal merits of the complaint, the imposition of such a sanction after a voluntary dismissal does not deprive the plaintiff of his right under Rule 41(a)(1) to dismiss an action without prejudice. '[D]ismissal . . . without prejudice' is a dismissal that does not 'operat[e] as an adjudication upon the merits,' Rule 41(a)(1), and thus does not have a res judicata effect." 496 U.S. at 396.

Furthermore, the Supreme Court held:

"Rule 41(a)(1) does not codify any policy that the plaintiff's right to one free dismissal also secures the right to file baseless papers. The filing of complaints, papers, or other motions without taking the necessary care in their preparation is a separate abuse of the judicial system, subject to separate sanction. As noted above, a voluntary dismissal does not eliminate the Rule 11 violation. Baseless filing puts the machinery of justice in motion, burdening courts and individuals alike with needless expense and delay. Even if the careless litigant quickly dismisses the action, the harm triggering Rule 11's concerns has already occurred. Therefore, a litigant who violates Rule 11 merits sanctions even after a dismissal. Moreover, the imposition of such sanctions on abusive litigants is useful to deter such misconduct. If a litigant could purge his violation of Rule 11 merely by taking a dismissal, he would lose all incentive to 'stop, think and investigate more carefully before serving and filing papers.' Amendments to Federal Rules of Civil Procedure, 97 F.R.D. 165, 192 (1983) (Letter from Judge Walter Mansfield, Chairman, Advisory Committee on Civil Rules) (Mar. 9, 1982)." 496 U.S. at 397-98.

7

Here, the appellants had the right to voluntarily dismiss their lawsuit pursuant to K.S.A. 2016 Supp. 60-241(a)(1) and—to their credit—they did so. Nevertheless, the district court still had the authority to rule on a motion for sanctions that was filed prior to the dismissal. Thus, we conclude that the district court did not lose its jurisdiction to rule on the pending motion for sanctions filed by the appellees.

*Review of Sanctions Imposed*

The appellants also challenge the sanctions that were imposed by the district court. We review the district court's imposition of sanctions under an abuse of discretion standard. *Schoenholz v. Hinzman*, 295 Kan. 786, 798, 289 P.3d 1155 (2012). A judicial action only constitutes an abuse of discretion if the action is (1) is arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013).

The appellants frankly admit in their brief that they "have filed uncountable—if not record breaking—ethical complaints against the Defendant Judges spanning several years. It is also undeniable that [they] have individually, or collectively, previously docketed, sued or recused the named Defendant/Appellee Judges." In addition to numerous cases filed in state court, the appellants acknowledge that they have also filed similar cases in federal court. Nevertheless, the appellants argue that the filing restrictions entered against them constitute retaliation for filing ethical complaints against the various district judges and senior judges named as parties to this case. They additionally argue that they have immunity from the imposition of filing restrictions as sanctions under Kansas Supreme Court Rule 223 (2017 Kan. S. Ct. R. 272).

A review of Rule 223 reveals that it only provides immunity for the content of complaints, reports, and/or testimony during a disciplinary proceeding. See *Gerhardt v.*

8

*Harris*, 261 Kan. 1007, 1012, 934 P.2d 976 (1997). Specifically, Rule 223 has been interpreted to provide immunity from being sued for statements made—orally or in writing—in the course of a disciplinary proceeding. *Jarvis v. Drake*, 250 Kan. 645, 650-51, 830 P.2d 23 (1992). Rule 223 does not, however, allow litigants to file frivolous or harassing lawsuits. Rather, as this court found in *State ex rel. Stovall v. Lynn*, 26 Kan. App. 2d 79, 81-82, 975 P.2d 813 (1999), "'[t]he right of access to the courts is neither absolute nor unconditional . . . and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.'"

We find no evidence in the record to suggest that the senior judge assigned by the Chief Justice of the Kansas Supreme Court to preside over this action imposed sanctions in retaliation for filing ethical complaints against some or all of the appellees. Instead, we find that the senior judge carefully considered the multiple state and federal cases filed by the appellants against the appellees and others. After doing so, he concluded that their "behavior constitutes a pattern of activity intended to harass and embarrass the individuals they sue, including judges of the Eleventh Judicial District" and that "the volume of repetitive and frivolous pleadings has strained resources in the Eleventh Judicial District and burdened the Office of the Clerk of the Crawford County District Court."

As indicated above, it is our role to determine whether the senior judge abused his discretion in imposing sanctions in this case. See *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). Based on our review of the record, we find that there is substantial evidence to support the decision reached by the senior judge to impose sanctions. Furthermore, we see nothing in the record to suggest that the imposition of sanctions to be arbitrary, capricious, or unreasonable under the unique circumstances presented.

Regarding the specific filing restrictions imposed as sanctions, we find them to be consistent with those imposed in the *Lynn* case. 26 Kan. App. 2d at 81. In fact, the filing

9

restrictions appear to be nearly identical to those imposed in *Lynn*. Such filing restrictions were found in *Lynn* to be reasonable. 26 Kan. App. 2d at 82. We note that the senior judge actually has given the appellants even greater access to the courts than provided under the *Lynn* restrictions. Here, consistent with the restrictions approved by the United States Court of Appeals for the Tenth Circuit in the case of *In re Winslow*, 17 F.3d 314, 316 (10th Cir. 1994), the appellants do not need court approval to file claims in court with the assistance of a licensed attorney. That attorney, of course, would be subject to the requirements of K.S.A. 2016 Supp. 60-211. We conclude that under the restrictions imposed, the appellants will still have appropriate access to the courts. Accordingly, we find no abuse of discretion or error of law in the district court's imposition of the filing restrictions on the appellants.

*Objections to Journal Entry*

The appellants also contend that the district court failed to rule on their objections to the journal entry prepared by the assistant attorney general and submitted to the district court pursuant to Supreme Court Rule 170. Whether the district court complied with a Kansas Supreme Court rule is a question of law subject to unlimited review. See *Rhoten v. Dickson*, 290 Kan. 92, 100, 223 P.3d 786 (2010). When a district court orders an attorney to prepare a journal entry, he or she is required to follow Rule 170. See *State v. Bolden*, 28 Kan. App. 2d 879, 883, 24 P.3d 163 (2001).

Kansas Supreme Court Rule 170 (2017 Kan. S. Ct. R. 216-17) states in relevant part:

> "(a) **Order; Content**. When the court directs a party to prepare an order, the party must prepare the order in accordance with the court's directions. As used in this rule, 'order' includes a journal entry or other document containing a court ruling.

"(b) **Duties of Party Preparing Order**. A party directed to prepare an order must, not later than 14 days after the court's direction, unless the court specifies a different time:

(1) serve on counsel of record and unrepresented parties not in default for failure to appear a copy of:

(A) the proposed order; and

(B) a notice that, unless an objection is received not later than 14 days after service of the proposed order, the order will be filed with the court; and

(2) file a certificate of service with a copy of the order and notice attached.

"(c) **Objections**. An objection to a proposed order must be served—not later than 14 days after service of the proposal—on the party that drafted it.

"(d) **Submission to Court**.

(1) If no objection to a proposed order is served before the expiration of the time under subsection (c) for serving objections, the drafter must submit the original to the court for approval.

(2) If there is an objection, the parties must make a reasonable effort to confer to resolve the objection and, if agreement is reached, the drafter must submit the agreed journal entry to the court for approval. A 'reasonable effort to confer' requires more than sending a communication to the opposing party. It requires that the parties in good faith converse, compare views, and deliberate, or in good faith attempt to do so.

(3) If—after reasonable effort to confer—the parties have not agreed on the terms of the order, the drafter must submit the original draft and the objection to the court and the court must settle the order, with *or without* a hearing." (Emphasis added.)

According to the record on appeal, Rule 170 was appropriately followed in this case. The assistant attorney general filed a Rule 170 notice stating that he had served the appellants with the proposed journal entry. He then submitted the proposed journal entry

11

and the appellants' objections to the district court. In turn, the district court decided to enter the journal entry as submitted. Although the district court could have held a hearing, it was not required to do so. See *In re Marriage of Crouse*, No. 113,831, 2016 WL 3856677, at *4-5 (Kan. App. 2016) (unpublished opinion). "Enforcement of [Rule 170] is left to the sound discretion of the district court, since its whole purpose is to provide assistance to the court." *In re Marriage of Anjard*, No. 103,426, 2011 WL 5389679, at *8 (Kan. App. 2011) (unpublished opinion). Thus, we do not find that the district court erred in entering the journal entry without a hearing to resolve the dispute between the parties regarding its contents.

Further, the appellants argue that the journal entry signed by the district court did not match its on-the-record ruling at the hearing. Unlike a criminal case, however, an order entered in a civil case does not become final until it is journalized and filed with the clerk of the court. K.S.A. 2016 Supp. 60-258. See *Elliott v. Farm Bureau Ins. Co.*, *Inc.*, 26 Kan. App. 2d 790, 793, 995 P.2d 885 (1999) (stating that district court has authority until final judgment to modify its ruling). Moreover, the appellants have not shown how the minor differences between what was stated on the record and what is in the journal entry constitute error or how they were prejudiced by such error. Accordingly, we conclude that the journal entry adequately reflects the decision reached by the district court in this case.

*Small Claims Actions filed by Noah Day*

The appellants argue that it was improper for the district court to dismiss the small claims cases filed by Day at the same hearing in which it heard the pending motions in this case. Whether a court has jurisdiction involves a question of law subject to unlimited review. *Fuller*, 303 Kan. at 492. Similarly, whether a party has standing involves a question of law subject to unlimited review. *Gannon v. State*, 298 Kan. 1107, 1122, 319 P.3d 1196 (2014).

12

None of the issues relating to the small claims actions filed by Day are properly before this court on appeal. As indicated above, Day did not appeal from the dismissal of his small claims cases, and he is not a party to this appeal. See K.S.A. 2016 Supp. 60-2103(b); *Walker v. Regehr*, 41 Kan. App. 2d 352, 354-55, 202 P.3d 712 (2009). Because the appellants were not parties to the small claims actions, they lack standing to challenge the rulings in those cases. See *Board of Johnson County Comm'rs v. Jordan*, 303 Kan. 844, 854, 370 P.3d 1170 (2016) (standing is a jurisdictional question). Thus, we lack appellate jurisdiction over issues involving Day.

*Alleged Conflicts of Interest*

In addition, the appellants contend that the assistant attorney general who represents the judges who are named as parties to this case has a conflict of interest. Specifically, the appellants argue that their filing of complaints about these judges with the attorney general's office constitutes a conflict of interest. They also argue that Stan Hazlett, who is the Kansas Disciplinary Administrator, should not have been allowed to pursue sanctions in the form of filing restrictions against them because they have also filed complaints with his office. The appellants do not support their argument with any authority other than citing several rules of professional responsibility. Moreover, they do not show how these rules are applicable in this case. Thus, we do not find that the appellants' argument on this issue to be persuasive.

*Motion for Change of Judge*

Finally, the appellants contend that "[i]t is an abuse of discretion for a Judge to hear or determine the legal sufficiency of a change of [judge] motion filed against the same Judge." K.S.A. 20-311d sets out the procedure for requesting a change of judge. If a party believes the judge assigned to the case cannot be fair and impartial, he or she may file a motion for a change of judge and that judge initially hears the motion informally.

13

K.S.A. 20-311d(a). If the judge refuses to disqualify himself or herself, the moving party may then file an affidavit alleging any of the grounds for disqualification specified in K.S.A. 20-311d(c). It is at that point that the chief judge or another judge reviews the affidavit for legal sufficiency. K.S.A. 20-311d(b).

Here, a review of the record reveals that the appellants filed a motion to change judge pursuant to K.S.A. 20-311d. In turn, the senior judge initially ruled on the motion when he heard the other pending motions in this case. As such, we find that the district judge followed the appropriate procedure as set forth in the statute.

Affirmed.