NOT DESIGNATED FOR PUBLICATION

No. 128,402

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TEILL S. REYNOLDS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; AARON T. ROBERTS, judge. Submitted without oral argument. Opinion filed August 8, 2025. Affirmed.

*Teill Reynolds*, appellant pro se.

*Kayla L. Roehler*, deputy district attorney, *Mark A. Dupree, Sr.*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before COBLE, P.J., ISHERWOOD and HURST, JJ.

PER CURIAM: Teill S. Reynolds appeals from the district court's summary denial of his pro se motion to set aside what Reynolds characterizes as a "void judgment." Reynolds claims that the Kansas Department of Revenue (KDOR) failed to properly follow the forfeiture protocol when it seized money from him at the time of his arrest for drug related offenses, thereby invalidating the forfeiture and rendering the corresponding judgment void. The district court declined to address the merits of Reynolds' claim because he failed to adhere to the pro se filing restrictions the district court imposed upon him in response to the extraordinary number of motions Reynolds filed regarding this

1

issue. On appeal, Reynolds chose to focus on the merits of his claim rather than address the only issue that is properly before us, which is the propriety of the district court's actual ruling. Given the absence of any legal justification for arriving at a contrary conclusion, the district court's summary denial of Reynolds' motion is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

The underlying litigation which gave rise to Reynolds' interminable pursuit of relief was the KDOR's seizure of thousands of dollars from Reynolds and Reynolds' dispute over whether that taking was properly classified as a forfeiture or a tax assessment.

In the summer of 2010, KDOR assessed a $35,937 tax penalty against Reynolds for possessing 72 grams of cocaine, three dosage units of crack cocaine, and 408 grams of marijuana without the required drug tax stamps affixed. KDOR ultimately issued a tax warrant to enforce its judgment and upon execution of a search warrant at Reynolds' Kansas City, Kansas, residence, law enforcement officers seized the drugs along with $3,695 in cash. Reynolds was later arrested for a new crime, and $4,321 was collected from his person. KDOR's tax warrant removed that $4,321 from the Kansas City Police Department's storage of property and evidence and applied it toward Reynolds' tax debt.

Over the course of the next several years, Reynolds filed a multitude of motions in the Wyandotte County District Court, federal court, and the Kansas Court of Tax Appeals in pursuit of a court order that compelled KDOR to return the money it seized from him. The district court ultimately designated Reynolds as a "'nuisance filer,'" noting that he "has repeatedly filed appeals arising from this seizure and consistently makes the same arguments which have been duly considered and denied." The district court explained that Reynolds' refusal "to accept the finality of the various rulings which have held that he has no legal right to the return of his confiscated money" has resulted in filings that are

"duplicative, repetitious, [and] frivolous" and "abusive and vexatious in their nature." Consistent therewith, it issued an order that placed restrictions on any future motions Reynolds filed.

Going forward, the chief judge of the district court would review any criminal or civil motions Reynolds attempted to file to ensure that (1) the issue had merit, (2) the filing did not relitigate a settled matter, (3) the court had jurisdiction, and (4) the claims were not frivolous, duplicative, or made in bad faith. Second, Reynolds was required to accompany each motion with a notarized affidavit certifying that the issues raised were made in good faith and not asserted or litigated previously. Finally, each motion would include a list that detailed every similar motion Reynolds previously filed and how they were resolved, as well as a list of all prior K.S.A. 60-1507 motions and their respective outcomes.

Not to be dissuaded, Reynolds once again filed a motion in the district court seeking to recover the funds KDOR seized from him. The district court summarily denied the motion and refused to consider the merits "because he has not followed the plain orders of the district court clearly set out in its ruling in a prior 60-1507 motion (16CV564)."

Reynolds brings his case to this court for a determination of whether summary denial of his motion was appropriate.

LEGAL ANALYSIS

*Did the district court err by dismissing Reynolds' petition without reviewing the merits?*

On appeal, Reynolds asserts that the judgment against him is void because KDOR failed to initiate forfeiture proceedings against him. The State argues that Reynolds lacks

3

standing to bring a claim by serving the Wyandotte County District Attorney's Office because that office is not a proper party. The State also asserts that the doctrine of res judicata bars Reynolds from relief, since his claim was raised and ruled on previously. But none of these arguments touch upon or are relevant to the actual order appealed from. The record before us reflects that the district court denied Reynolds' claim without addressing the merits because Reynolds failed to adhere to the filing restrictions imposed by the chief judge. Following a thorough review of the record we are satisfied that Reynolds' motion was properly denied.

*Standard of Review*

Kansas appellate courts review district court decisions on docket management, including filing restrictions, for an abuse of discretion. *Holt v. State*, 290 Kan. 491, 502, 232 P.3d 848 (2010).

*Restrictions on Future Filings*

A district court's ability to restrict the filing of new cases and other pleadings was analyzed in *State ex rel. Stovall v. Lynn*, 26 Kan. App. 2d 79, 975 P.2d 813 (1999). This court regularly looks to the principles articulated in *State ex rel. Stovall v. Lynn* or *Holt* or both to determine whether a district court's filing restrictions are overly burdensome. *Lynn v. Ross*, No. 119,719, 2021 WL 2385856, at *12-13 (Kan. App. 2021) (unpublished opinion) (continuing to apply the restrictions on Patrick C. Lynn's filings over 20 years later); *State v. Wooldridge*, No. 117,284, 2019 WL 1303247, at *4 (Kan. App. 2019) (unpublished opinion) (reversing and remanding because the restrictions were excessive under *Holt*); *Muathe v. Loy*, No. 116,284, 2017 WL 3112920 (Kan. App. 2017) (unpublished opinion).

But again, we are foreclosed from engaging in that analysis here because Reynolds does not even attempt to challenge the restrictions that served as the foundation for the district court's denial of his motion. Rather, his appellate brief simply rehashes the arguments made to the district court that KDOR failed to follow the proper procedure when it seized money from him. The party asserting the district court abused its discretion bears the burden of showing such abuse occurred. *Bicknell v. Kansas Dept. of Revenue*, 315 Kan. 451, 466, 509 P.3d 1211 (2022). Reynolds offered nothing in his brief to establish that the district court abused its discretion by imposing reasonable filing restrictions or by enforcing those restrictions and denying his motion without addressing the merits. An issue not briefed is deemed waived or abandoned. *In re Adoption of Baby Girl G.*, 311 Kan. 798, 803, 466 P.3d 1207 (2020). Reynolds has abandoned this issue; therefore, the district court's summary denial of his motion is affirmed.

Affirmed.